UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

vs.

ERICA MCGOWAN, et al.

    Defendants.
_____/

Case No. 21-cv-10624
HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) OVERRULING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION (R&R) (Dkt. 26), (2) ACCEPTING THE RECOMMENDATION CONTAINED IN THE R&R (Dkt. 25), AND (3) DENYING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT (Dkt. 20)**

This matter is before the Court on a motion to set aside default and default judgment (Dkt. 20) filed by Defendants Erica McGowan and her company, America Enterprise LLC, doing business as The Tax Experts.[1] Plaintiff the United States of America filed a response to the motion (Dkt. 22). The Court referred the motion to U.S. Magistrate Judge Kimberly G. Altman for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. 23). The magistrate judge issued an R&R recommending that the Court deny Defendants' motion (Dkt. 25). Defendants filed objections to the R&R (Dkt. 26), and Plaintiff filed a response (Dkt. 27). For the reasons that follow, the Court overrules Defendants' objections, accepts the recommendation contained in the R&R, and denies Defendants' motion.[2]

---

[1] McGowan is the sole owner of The Tax Experts. Compl. ¶ 7 (Dkt. 1).

[2] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

## I. BACKGROUND

On March 22, 2021, Plaintiff filed this action against Defendants, seeking to obtain (i) an injunction barring Defendants "from engaging in the business of preparing federal tax returns and employing any person acting as a federal tax return preparer" and (ii) an order "requiring Defendants to disgorge to the United States their receipts for preparing federal tax returns making false or fraudulent claims." Compl. at 1. Summons for each Defendant were issued on the same day (Dkts. 2, 3). On June 17, 2021, Plaintiff filed a motion seeking to extend the time to serve Defendants (Dkt. 6). The Court granted this motion (Dkt. 9), extending Plaintiff's time to serve Defendants to August 5, 2021. Certificates of service reflect that Defendants were served on June 17, 2021, making their answers due on July 8, 2021. Certificates of Service/Summons Returned Executed (Dkts. 10, 11). However, Defendants failed to file an answer by the deadline or anytime later.

On July 19, 2021, Plaintiff filed a request for a clerk's entry of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a) (Dkt. 12). The Clerk of Court issued an entry of default as to each Defendant (Dkts. 13, 14). On August 6, 2021, Plaintiff filed a motion for default judgment against Defendants pursuant to Rule 55(b) (Dkt. 18), which the Court granted (Dkt. 19).

On September 1, 2021, Defendants filed the instant motion to set aside the clerk's entries of default and the default judgment. Defendants argued, among other things, that their failure to timely file an answer was not the result of their own culpable conduct. Mot. at 7.[3] According to

---

[3] Defendants also argued that the default judgement is void because there was insufficient service of process of the summons and complaint. Mot. at 7. The magistrate judge found that service was proper and that, therefore, the default judgment should not be set aside due to any alleged improper service. R&R at 10–13. Defendants do not object to this portion of the R&R. As the magistrate judge warned the parties, id. at 14, the failure to object to any portion of an R&R results in a waiver

McGowan, when she learned of the instant lawsuit, she "contacted [her] tax attorney, who does not practice litigation"; the two read the summons and both "mistakenly thought that it said [McGowan] had 60 days to respond" (i.e., until August 17, 2021) rather than 21 days (i.e., until July 8, 2021). McGowan Aff. at PageID.113 (Dkt. 20). The magistrate judge found this argument unconvincing, for two reasons. First, both summonses stated that Defendants had 21 days to answer the complaint. R&R at 7. Second, even if Defendants believed that they had until August 17, 2021—despite the express language of the summonses—they still failed to file an answer by that date. Id. at 8. McGowan also asserts that her tax lawyer told her that "with the COVID pandemic and with everything going on around that, [she] had time to obtain an attorney to respond to the lawsuit." McGowan Aff. at PageID.113–114. The magistrate judge found it is implausible that "McGowan believed a court would allow an undefined amount of time in which to respond to a lawsuit." R&R at 9.

As the magistrate judge explained, when a court decides whether to set aside a default judgment under Rule 60(b), it must consider the three factors set forth in United Coin Meter v. Seaboard Coastline R.R., 705 F.2d 839 (6th Cir. 1983): "'(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense.'" Id. at 6 (quoting Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003)).[4] "'A party seeking relief must first demonstrate a lack of culpability

---

of any further right of appeal of that portion of the R&R, Thomas v. Arn, 474 U.S. 140, 144, 150 (1985). A district court need only review unobjected-to portions of an R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b). The Court has reviewed the unobjected-to portions of the R&R and finds no clear error with the recommendations contained in those portions.

[4] "A default can be set aside under Rule 55(c) for 'good cause shown,' but a default that has become final as a judgment can be set aside only under the stricter Rule 60(b) standards for setting aside final, appealable orders." Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190,

before the court examines the remaining two factors.'" Id. at 9 (quoting Henkin v. IW Trust Funds, —F. Supp.—, No. 3:20-cv-371, 2021 WL 4894781, *3 (S.D. Ohio Oct. 20, 2021)). In other words, a finding of culpability is fatal to a Rule 60(b) motion. Id. (citing Waifersong, Ltd. Inc. v. Classic Music Vending, 976 F.2d 290, 293 (6th Cir. 1992) ("Because the district court's assessment of the evidence concerning defendants' culpability is unassailable, defendants could not establish that their conduct was the result of mistake, inadvertence, surprise, or excusable neglect. Since that concluded the matter, demonstration of the existence of a meritorious defense and lack of prejudice could not assist defendants' cause.")).

"'Culpability is understood based on the terms of Rule 60(b)(1), mistake, inadvertence, surprise, or excusable neglect.'" Id. at 6 (quoting Independent Order of Foresters v. Ellis-Batchelor, No. 20-10619, 2021 WL 2389814, at *2 (E.D. Mich. May 18, 2021)). The magistrate judge noted that "Defendants did not specify which grounds under [Rule 60(b)(1)] . . . that they seek to set aside the default," id. at 7 n.1; however, based on the motion and statements at the motion hearing held before the magistrate judge, she determined that Defendants appeared to be arguing that their failure to respond to the complaint was the result of excusable neglect, id. at 7, 7 n.1. As discussed above, the magistrate judge rejected Defendants' asserted reasons for excusable neglect—their beliefs that they had 60 days to respond to the complaint and an indefinite amount of time to find an attorney. Accordingly, the magistrate judge concluded that, "[b]ecause Defendants have failed to establish excusable neglect under Rule 60(b), they necessarily have failed to establish that they were not culpable." Id. at 9. Further, "[a]s Defendants have failed to demonstrate a lack of culpability, this Court need not examine the remaining two factors of

---

193 (6th Cir. 1986) (emphasis in original). Here, because the entries of default have become default judgments, Rule 60(b)'s standards apply.

prejudice or whether McGowan has a meritorious defense." Id. at 9. The magistrate judge, therefore, recommended that the Court deny Defendants' motion to set aside default and default judgment.

## II. ANALYSIS

The Court reviews de novo those portions of an R&R to which timely objections are filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Defendants raise three objections to the R&R. The Court addresses each in turn.

### A. First Objection

Defendants object to the magistrate judge's finding that they failed to establish non-culpability because they failed to show excusable neglect. Objs. at 2, 4. They argue that the magistrate judge "focused entirely" on excusable neglect and "did not even mention the separate grounds of 'mistake' or 'inadvertence.'" Id. at 4. But as the magistrate judge stated, "Defendants did not specify which grounds under [Rule 60(b)(1)] . . . that they seek to set aside the default." Id. at 7 n.1. By failing to clearly raise "mistake" and "inadvertence" as alternative grounds for Rule 60(b) relief in their motion, Defendants have waived the issues. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) ("The Sixth Circuit holds that issues raised for the first time in objections to an R&R are deemed waived.") (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ([P]arties [are not allowed] to raise at the district court stage new arguments or issues that were not presented to the magistrate.")).

Defendants contend that, even proceeding under the "excusable neglect" rubric of culpability, the magistrate judge erred in finding that the default judgment resulted from

5

Defendants' culpability. Objs. at 3.[5] As a threshold matter, Defendants contend that, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on these proceedings." Id. at 7 (citing INVST Fini Group v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 399 (6th Cir. 1987)). Plaintiff disputes Defendants' definition of "culpable," Resp. at 10–11, pointing out that after INVST, the Sixth Circuit stated that non-culpability can "only" be shown by "demonstrating that [the] . . . default was the product of mistake, inadvertence, surprise, or excusable neglect." Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002) (punctuation modified).

The Court agrees with Plaintiff that Defendants' proffered definition of culpability is inaccurate. The Sixth Circuit has repeatedly admonished that Rule 60(b) relief is inappropriate where a default judgment results from a party's or counsel's carelessness or ignorance of the law. See, e.g., Merriweather v. Wilkinson, 83 F. App'x 62, 63 (6th Cir. 2003) ("Neither carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed. R. Civ. P. 60(b)(1)."); FHC Equities, LLC v. MBL Life Assurance Corp., 188 F.3d 678, 685 (6th Cir. 1999) ("In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness or misapprehension of the law or the applicable rules of court.") (punctuation modified). This directly cuts against the proposition that a party is culpable only if they act with "an intent to thwart" or "reckless disregard." The Court, therefore, declines to use the overly-liberal standard of non-culpability proposed by Defendants and, instead, utilizes the standard articulated in Weiss.

---

[5] Defendants assert that failing to timely respond to the complaint is, alone, insufficient to constitute culpable conduct. Objs. at 3, 3 n.1. Defendants cite no support for this proposition. In any case, the magistrate judge did not base her conclusion regarding Defendants' culpability solely on their failure to file an answer; rather, she considered (and rejected) the proffered explanations for Defendants' failure.

Under this standard, Defendants have not shown that the magistrate judge erred in finding that the default judgments resulted from their culpable conduct. As discussed above, the magistrate judge carefully reviewed Defendants' asserted reasons for failing to file an answer to the complaint, and she explained why each reason was disingenuous. For instance, Defendants purportedly believed that they had 60 days to respond, but the summonses clearly stated that they had 21 days, and, moreover, Defendants did not file an answer within 60 days. R&R at 7–8. This strongly suggests that Defendants chose to delay in responding to the lawsuit despite their knowledge of it. At the very least, the default resulted from Defendants' carelessness or ignorance of the law. Either way, Defendants cannot establish excusable neglect or, by extension, non-culpability. See Merriweather, 83 F. App'x at 63.[6]

Defendants' first objection, therefore, is overruled.

**B. Second Objection**

Defendants object to the magistrate judge's conclusion that, "[b]ecause Defendants have failed to establish excusable neglect under Rule 60(b), they necessarily have failed to establish that they were not culpable," and the Court "need not examine the remaining two factors of prejudice of whether [Defendants have] . . . a meritorious defense." See R&R at 9. According to Defendants, the magistrate judge erred in not balancing the three Rule 60(b) factors articulated in United Coin Meter. Objs. at 2–4.[7] Defendants are incorrect. As the Sixth Circuit has explained:

---

[6] Even if the Court were to use Defendants' proposed standard of culpability, Defendants' conduct would satisfy it. In light of Defendants' "awareness of the proceedings" and lack of a credible justification for not responding, the "only conclusion the Court can draw from [Defendants'] conduct . . . is that [they] willfully attempted to thwart the judicial process." See Psychopathic Records, Inc. v. Anderson, No. 08-cv-13407, 2010 WL 2510992, at *4 (E.D. Mich. June 17, 2010).

[7] Defendants also suggest that the magistrate erred by not "balanc[ing] any equities" in finding no excusable neglect. Objs. at 4 (citing United Coin Meter, 705 F.2d at 844–845). United Coin Meter does not support Defendants' position, however. The United Coin Meter court merely flagged that

7

> In <u>Waifersong</u>, we made it clear that a party seeking to vacate a default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct. That burden may be carried, we said, only by meeting the requirements of Rule 60(b)(1), that is, by "demonstrat[ing] that his default was the product of mistake, inadvertence, surprise, or excusable neglect." <u>Waifersong</u>, 976 F.2d at 292. Only if the moving party makes this showing may the district court proceed to consider the other <u>United Coin Meter</u> factors. <u>Id.</u> Other cases have affirmed the more stringent inquiry courts must pursue when vacating a default judgment as opposed to an entry of default. See, e.g., [<u>Manufacturers' Indus. Relations Ass'n v. E. Akron Casting Co.</u>, 58 F.3d 204, 208 (6th Cir. 1996)].

283 F.3d at 794.

Defendants point to <u>Berthelsen v. Kane</u>, 907 F.2d 617 (6th Cir. 1990), which calls for balancing all three factors even when a court finds that the default resulted from the movant's culpable conduct. See <u>Berthelsen</u>, 907 F.2d at 622 ("Notwithstanding the defendant's culpable behavior, we conclude that the entry of default and the default judgment must be set aside. As we stated at the beginning of our analysis, the defendant's culpability is only one of three factors which the court must consider when determining whether good cause exists to set aside the entry of default."). But as Plaintiff points out, <u>see</u> Resp. at 9, the Sixth Circuit has rejected the factor-balancing analysis endorsed by <u>Berthelsen</u> for Rule 60(b) motions. <u>Manufacturers' Indus.</u>, 58 F.3d at 208 (reversing district court's granting of Rule 60(b) motion—where district court balanced all three factors despite finding that the movant was culpable—and noting that the district court "should have bypassed <u>Berthelsen</u>"). This is because <u>Berthelsen</u> conflicts with <u>Waifersong</u>, which is "a compatible extension of <u>United Coin Meter</u> and its progeny." <u>Id.</u> at 210. "While the earlier cases," like <u>Berthelsen</u>, "admittedly speak in somewhat vague terms of a 'balancing' of the three-factor test applicable in Rule 60(b) cases, a thorough review of those cases indicates that the result, as a practical matter, almost invariably depends on the culpability factor." <u>Id.</u> In other words,

---

courts should apply Rule 60(b) "equitably." 705 F.2d at 845 (punctuation modified). <u>United Coin Meter</u> does not mandate—as Defendants suggest—an explicit balancing of equities.

pursuant to Waifersong, the district court may consider the second and third United Coin Meter factors only if the movant first shows that the default judgment is not the result of the movant's culpable conduct.[8]

The magistrate judge correctly concluded that the Court need not analyze the second and third United Coin Meter factors. Accordingly, Defendants' second objection is overruled.

### C. Third Objection

Defendants' third objection is cumulative of their prior objections: Defendants challenge the magistrate judge's ultimate recommendation that their motion be denied because the default judgement resulted from their own culpable conduct. Objs. at 3. Defendants' prior objections are not meritorious and, consequently, their third objection necessarily fails as well.

### III. CONCLUSION

For the foregoing reasons, the Court overrules Defendants' objections to the R&R (Dkt. 26), accepts the recommendation contained in the R&R (Dkt. 25), and denies Defendants' motion to set aside default and default judgment (Dkt. 20). The case remains closed.

SO ORDERED.

Date: April 26, 2022　　　　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[8] In addition to Berthelsen, Defendants rely on two district court cases; however, neither case employed the standard for Rule 60(b) motions. See Esparza v. Citizens Ins. Co. of the Midwest, No. 17-CV-14132, 2018 WL 3031089, at *1 (E.D. Mich. June 19, 2018) (explaining that because no judgment had been entered, the court would analyze the motion as one for reconsideration, not as a Rule 60(b) motion); Woods v. Boyne City School Dist., No. 5:00-cv-108, 2001 U.S. Dist. LEXIS 246, at *10–12 (W.D. Mich. Jan 9, 2001) (applying the more lenient "good cause" standard for vacating an entry of default under Rule 55(c)).